In the Matter of ALBERT MARMORSTEIN, Petitioner, against LOUIS A. VALENTE, Justice of the Supreme Court of the State of New York, New York County, et al., Respondents.—

[See *ante*, p. 935.] Present — Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ. Motion to resettle order dated November 5, 1942, granted and order resettled so as to provide that the motion for a restraining order is denied in the exercise of discretion, the petitioner having an adequate remedy by appeal. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ.

In the Matter of MORRIS STARK, an Attorney, Respondent. BAR ASSOCIATION OF NASSAU COUNTY, INC., Petitioner.

The evidence before the official referee discloses that the respondent was guilty of unprofessional conduct as an attorney and counselor at law, as charged, to the extent indicated, as follows: (1) in entering a judgment for the full amount of a claim of a client when he knew that the sum of $125 had been paid theretofore by the defendant debtor on account of the claim in suit; and (2) in an action brought by the respondent personally against Long Island Oil Purifiers, Inc., in which corporation the respondent and one Fels were interested, in effect, as principal stockholders, the respondent's stock being held in the name of his wife, in serving respondent's wife, an officer of the corporation, taking judgment by default against the latter, and noticing its personal property for sale under execution, all without the knowledge of Fels. It is true that mitigating circumstances exist in that (a) after the first mentioned judgment was entered for more than the amount actually due, appropriate credit thereon was given for the sum of $125 so paid on account before its entry; and in that (b) after the judgment second mentioned, upon service of process upon respondent's wife, an arrangement of settlement was made between the respondent and the corporate judgment-debtor, upon which settlement the debtor ultimately defaulted, whereupon its assets, heavily encumbered, were sold under execution and purchased by the respondent in the name of another. Under all the circumstances, we find the respondent guilty of unprofessional conduct as charged, to the extent indicated, and direct that he be suspended from the practice of the law for a period of six months. Present — Hagarty, Johnston, Adel, Taylor and Close, JJ.

HELEN C. KEON, as Administratrix of the Estate of JOSEPH KEON, Deceased, Respondent, v. THE LONG ISLAND RAILROAD COMPANY, Appellant.—

Present — Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ.

KLARFELD MOTORS, INC., Respondent, v. FIREMAN'S FUND INSURANCE COMPANY, Appellant.—

Present — Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ.

HARRY L. KLEINFIELD et al., Respondents and Appellants, v. LENORE K. KATZ, Appellant, and MINNIE COHEN, Appellant and Respondent, Impleaded with Another.— Present — Lazansky, P. J., Johnston, Taylor and Close, JJ.; Hagarty, J., not voting.